OPINION
Appellant, Terance Lamont Clark, appeals from a judgment of the Ashtabula County Court of Common Pleas in which he was found guilty of failure to appear, and sentenced to a prison term of six months. At the same time, appellant was also sentenced on an unrelated charge of trafficking in cocaine. He was given an eight-month sentence on that charge, and the two sentences were ordered to be served consecutively. The trial court found that appellant had served a total of 196 days in jail pending the outcome of these cases, and it ordered that appellant be credited with 196 days of time served in the trafficking case. The trial court specifically refused to award appellant credit for 196 days of time served in both sentences because to do so would be tantamount to giving appellant double credit.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred by failing to credit him with time served in both sentences.
Credit for time served does not operate in this manner. A prisoner receives credit for the total number of days of his confinement. R.C.2967.191. This court has previously addressed this issue and concluded that "[a] trial court is not required to accord a prisoner duplicate credit for each day that prisoner spent in detention just because he or she is convicted of multiple offenses whose sentences are ordered to run consecutively." State ex rel. Spikes v. Court of Common Pleas (July 18, 1997), Lake App. No. 96-L-215, unreported, 1997 WL 469324, at *3. See, also, State v. Callender (Feb. 4, 1992), Franklin App. No. 91AP-713, unreported, 1992 WL 21247, and State v. Cochran (June 5, 1998), Clark App. No. 97-CA-50, unreported, 1998 WL 288942.
Accordingly, appellant was not entitled to double credit for time served. Appellant's s sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
FORD, P.J., NADER, J., concur.